Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)
irvberg@comcast.net (e-mail)

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDRESITA T. BOYLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>CACV OF COLORADO LLC; ROBERT J. COLCLOUGH, III, an individual; DARIN BINNARD, an individual,<br><br>Defendants. | Case No.: CV 08-2446 EMC<br><br>**CLASS ACTION**<br><br>**COMPLAINT TO RECOVER DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY DEMAND** |

## I. INTRODUCTION

1.      This is a consumer class action brought pursuant to the anti-deception provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e.

2.      Additionally, the action alleges Defendants' failure to provide the consumer with an effective validation notice required by 15 U.S.C. § 1692g(a).

## II. JURISDICTION AND VENUE

3.      Jurisdiction in this court is conferred by 15 U.S.C. § 1692k(d).

4.      Venue is proper in this county because Defendants do business in this county, and the collection communications were received in this county.

## III. PARTIES

5.      Plaintiff, ANDRESITA T. BOYLE ("Ms. Boyle"), is an adult person who resides in this district.

6.      Defendant CACV OF COLORADO ("CACV") is a foreign entity who conducts

COMPLAINT                                              1                    BOYLE V. CACV OF COLORADO LLC, et al.

1  its business from 370 17th Street, Suite 5000, Denver, CO 80202-3050.  Service on CACV is
2  made on a company officer at that address.
3       7.  Defendant ROBERT J. COLCLOUGH, III ("Colclough") is an attorney who
4  conducts a debt collection practice from his office at 7120 Hayvenhurst Avenue, Suite 111, Van
5  Nuys, CA 91406-3813.  He is a debt collector pursuant to 15 U.S.C. § 1692a(6).  Service is made
6  on Colclough at the aforesaid address.
7       8.  Defendant, DARIN BINNARD (Binnard), is a lay debt collector employed by
8  Defendant Colclough. Service is made on Binnard at the address of Colclough stated above.
9       9.  All of the defendants, unless otherwise stated, are referred to herein as Defendant.
10       **IV.  FACTUAL ALLEGATIONS**
11       10.  Plaintiff incurred a debt for the purchase of goods and services used for her
12  personal needs.
13       11.  On information, Plaintiff alleges that the debt was sold to Defendant CACV, an
14  entity in a business the principal purpose of which is the collection of debts.  Defendant CACV is
15  a debt collector pursuant to 15 U.S.C. § 1692a(6).
16       12.  On information, Plaintiff alleges Defendant CACV assigned the collection of the
17  debt allegedly owed by Plaintiff to its agent, Defendant Colclough.
18       13.  Defendant Colclough sent the attached collection letter, Exhibit A, dated
19  September 5, 2007, to Plaintiff.
20       14.  Exhibit A is the initial letter sent to Plaintiff.
21       15.  The FDCPA requires that the initial letter set forth Plaintiff's right to dispute the
22  debt and/or seek validation of the debt.
23       16.  Plaintiff has 30 days after receipt of the initial communication to dispute the debt
24  or request verification.
25       17.  The notice of defendant's right must be provided effectively, i.e., not in a manner
26  that contradicts or confuses the consumer as to his rights.  *Swanson v. Southern Oregon Credit*
27  *Services*, 869 F.2d 1222 (9th Cir. 1988).
28       18.  The notice sent to Plaintiff confuses and contradicts Plaintiff's rights.  Defendant

states:

> Should you wish to cease all further collection procedures and avoid litigation, mail in the balance due or contact me [Darin Binnard] to discuss other arrangements for payment (possible settlement) within 10 days of the date of this letter.

19. The 10-day limitation placed by Defendant to close all further collection procedures contradicts Plaintiff's 30-day right to request verification, thereby halting all collection activity until verification is obtained, as provided by 15 U.S.C. § 1692g(b).

20. The 10-day limitation placed by Defendant confuses the Plaintiff as to Plaintiff's 30-day right to dispute the debt and/or obtain verification of the debt.

21. The Defendant's juxtaposition of the statutory validation right with Defendant's implied threat of a suit unless payment is made within 10 days or other arrangements are made contradicts and confuses the Plaintiff as to Plaintiff's rights.

22. Defendant's collection letter, Exhibit A, on law firm stationary, is a form letter, as shown by the postal mark at the bottom of the letter, a type of postal mark used in bulk mailing.

23. Plaintiff alleges, on information, that the Defendant did not make a professional review of her account before authorizing the sending of the collection letter, Exhibit A.

## V.   FIRST CAUSE OF ACTION

24. Defendant violates 15 U.S.C. §§ 1692e and e(10) by sending a collection letter that is misleading as to Plaintiff's validation rights.

25. Defendant violates 15 U.S.C. § 1692g by failing to provide an effective statement of Plaintiff's validation rights.

26. Defendant violates 15 U.S.C. § 1692e(3) by sending a form collection letter over an attorney letterhead, when no attorney has made a professional judgment in reviewing the account and authorizing sending the collection letter.

## VI.   CLASS ALLEGATIONS

27. This action is brought as a class action. Plaintiff defines the class as (i) all persons with addresses within the state of California (ii) who were sent a letter from Defendant in the form of Exhibit A (iii) to recover a debt incurred for personal, family, or household purposes (iv) which was not returned undelivered by the United States Postal Service (v) during

the period of time one year prior to the filing of this Complaint through the date of class certification.

28. The class is so numerous that joinder of all members is impractical.

29. There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The principal issue is whether Defendant violated the FDCPA as alleged in Plaintiff's First Cause of Action herein.

30. There are no individual questions, other than whether a class member was sent a letter in the form of Exhibit A, which can be determined by ministerial inspection of Defendant's records.

31. Plaintiff will fairly and adequately protect the interests of the class.

32. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices.

33. The questions of law and fact common to the class predominate over any issues involving only individual class members. The principal issue is whether Defendant's letter in the form of Exhibit A violates the FDCPA, as alleged above.

34. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative acts and are based on the same legal theories.

35. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action is $1,000.00. Management of these class claims are likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

36. As a result of Defendant's violations of the FDCPA, Plaintiff and the class are entitled to an award of statutory damages, costs and reasonable attorney's fees.

### VII. JURY DEMAND

Plaintiff hereby demands that this case be tried before a jury.

## VIII.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Ms. Boyle, on behalf of Plaintiff and all others similarly situated, requests that judgment be entered in Plaintiff's favor and in favor of the class against Defendants, individually and severally, for:

    A.    Certification of this matter as a class action;

    B.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    D.    For such other relief as the Court may find to be just and proper.

Dated:   5/5/08                              /s/                                      
                                              Irving L. Berg  
                                              THE BERG LAW GROUP

                                              Attorneys for Plaintiff

# EXHIBIT A

THE LAW OFFICES OF ROBERT J. COLCLOUGH, III
7120 Hayvenhurst Avenue, Suite 111
Van Nuys, California 91406
Telephone : (818) 906-0120
Facsimile : (818) 933-3383

September 5, 2007

RE : Case No. 196682-1  CACV of Colorado LLC
AMOUNT : $ 2006.20
INTEREST : $ 11.54
TOTAL : $ 2017.74

## NOTICE OF INTENDED LEGAL ACTION PURSUANT TO C.C.P. §1033

Dear ANDRESITA T BOYLE,

This notice will serve to inform you that my office has received your delinquent account for collections. If this matter is not resolved in a timely manner we may take legal action that could result in a judgment against you that would include the actual cost of the filing fee, the actual cost of the service of process and reasonable attorneys fees. The purpose of this correspondence is to inform you of your rights and obligations under California Code of Civil Procedure §1033(b).

If this collection matter is in regard to a bad check (a check drafted on insufficient funds), then be aware that California Code §1719 applies to your matter in addition to the application of California Code of Civil Procedure §1033(b).

Should you wish to cease all further collection procedures and avoid legal action, mail in the balance due, or contact me to discuss other arrangements for payment (possible settlement) within ten (10) days of the date of this letter.

Sincerely,

*Darin Binnard*

Darin Binnard
(818) 906-0120

We are a professional collection law firm attempting to collect a debt. We are entitled to use, and we intend to use all approved means at our command to collect debts that have been referred to us. Any information we obtain will be used as a basis to enforce collection of the debt. This debt will be assumed valid by the debt collector unless the consumer, within 30 days after receipt of this notice, disputes the validity of the debt or any portion thereof. If the consumer notifies the debt collector in writing within the 30 days that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt, and the collector will mail a copy of such verification to the consumer. Upon the consumer's written request within 30 days, the debt collector will provide the consumer with the name and address of the original creditor, if different form the current creditor.

✂  Detach Bottom Portion And Return With Payment  ✂

7120 HAYVENHURST AVE.
SUITE 111
VAN NUYS CA 91406-3813
ADDRESS SERVICE REQUESTED

September 5, 2007

| Case No. | Total : |
|---|---|
| 196682-1 | $ 2017.74 |

Please see back for credit card payment information

S-CTACSR30  L-004 A-196682-1
P0CTB800404425 I04665
ANDRESITA T BOYLE
2500 21ST ST
SAN PABLO CA 94806-2924

THE LAW OFFICES OF
ROBERT J. COLCLOUGH, III
7120 HAYVENHURST AVE., SUITE 111
VAN NUYS CA 91406-3813